CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GALANTI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24cv0004 |
| v. | ) | |
| | ) | |
| DUFFIELD JAIL, | ) | |
| | ) | By: Hon. Robert S. Ballou |
| Defendant. | ) | United States District Judge |

**MEMORANDUM OPINION**

Christopher Galanti, a Virginia inmate[1] proceeding *pro se*, filed a civil rights action, pursuant to 42 U.S.C. § 1983 alleging that he has been denied reasonable access to courts. Galanti has been granted leave to proceed *in forma pauperis*. Dkt. 9. Having reviewed Galanti's pleadings, the court finds that his allegations fail to state a claim under 42 U.S.C. § 1983. Accordingly, the court will dismiss the Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.**

Galanti was being housed at Southwest Virginia Regional Jail Authority's Duffield Facility when the alleged actions took place and Galanti names "Duffield Jail" as the only defendant. In his Complaint, Galanti alleges that his constitutional rights were violated when, after he asked for a § 1983 form, unidentified individuals instructed him to "write to the U.S. District Court" to obtain the form and gave him the address for the court. Dkt. 1. Galanti attaches various grievances to his Complaint, however, only one of the grievances relates to the

---

[1] Galanti filed this action while he was an inmate at the Southwest Virginia Regional Jail Authority's Duffield Facility, however, he subsequently filed a notice of change of address listing a new address outside the jail facility. Dkt. 1, 6.

1

allegations in this action.² In this grievance, Galanti questions why the jail requires him to request a § 1983 form from the court, when "its online" and someone could just "print one off." Dkt. 1-4. The response states "1983 forms are requested from the U.S. District Court. You have been provided the mailing address to request the forms." *Id.* At some point, the court communicated to Galanti (via yellow sticky note), in correspondence providing him a single § 1983 form, that the forms were also available at the Duffield Regional Jail. Dkt. 1-5. However, Galanti reiterates that the Duffield Regional Jail does not provide the forms.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A plaintiff may file suit under § 1983 against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. However, Galanti has named only the Duffield Jail as a defendant and a jail is not a "person" amenable to suit under § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished) (finding that "the Piedmont Regional Jail is not a 'person' and therefore not amenable to suit under § 1983) citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *McArthur v. S.W.V.R.J.A.*

---

² The other grievances deal primarily with medical questions or problems and appear to relate to another case Galanti filed with the court. *See* Letter to Clerk, Dkt. 1-4, at 1.

2

*Duffield Jail*, Case No. 7:22CV00636, 2023 WL 3316988 (W.D. Va. May 9, 2023) ("A local jail facility itself cannot qualify as a person subject to being sued under § 1983.").

Further, to the extent that Galanti is suing the jail authority, which is subject to suit under § 1983, his claims also fail. *Kitchen v. Upshaw*, 286 F.3d 179 (4th Cir. 2002) ("the Regional Jail Authority is not an arm of the State for purposes of Eleventh Amendment immunity"). While inmates have a constitutional right to reasonable access to the courts, an actionable § 1983 claim for denial of access must show actual harm. *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). This requires the plaintiff to identify a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost because of the defendant's alleged interference with the plaintiff's right of access. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Casey*, 518 U.S. at 353).

At most, Galanti alleges that, instead of obtaining the § 1983 form directly from the jail, he was forced to obtain the form by writing to the court. However, he successfully obtained the form and filed this lawsuit against the jail using the form. Galanti does not identify any claims that he has been unable to pursue because of the jail's policy. *Id.* at 415 (without identification of a lost claim and its arguable merit, the plaintiff has not shown that he "suffered injury by being shut out of court"). Accordingly, Galanti has not lost the opportunity to litigate any nonfrivolous, arguable claim, and the court will dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

Entered: July 7, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

3